UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61896-CIV-COHN/SELTZER
(10-60276-CR-COHN)

JOSE WILSON AYALA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation to District Judge [DE 21] ("Report"), submitted by Chief United States Magistrate Judge Barry S. Seltzer, regarding Movant Jose Wilson Ayala's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] ("Motion to Vacate").  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion to Vacate, the Report, Movant's objections [DE 24], and is otherwise fully advised in the premises.

### I. BACKGROUND

On October 28, 2010, a grand jury indicted Movant, as well as co-defendants Jose Alonso Escobar, Juan Luis Sanchez Valdez, and Marko Roude, with conspiracy and other offenses related to heroin trafficking.  DE 21 at 1.  Movant was charged with the following counts: Count I, conspiracy to possess with intent to distribute one kilogram or more of heroin; Count II, distribution of heroin; and Count VII, possession with intent to distribute more than 100 grams of heroin.  Id. at 2.  On December 6, 2010,

Movant pleaded guilty to Count I pursuant to a written plea agreement, in exchange for the Government agreeing to dismiss the remaining two counts. Id. at 2-3. The plea agreement included a waiver of Movant's appellate rights. See id. at 4; United States v. Ayala, Case No. 10-60276-CR-JIC (filed Oct. 28, 2010) ("Criminal Case"), DE 69 ¶¶ 2-3.

Prior to sentencing, a probation officer prepared a Pre-Sentence Investigation Report, to which Movant raised several objections. At the February 25, 2011 sentencing hearing, the Court overruled Movant's objections to a weapons enhancement and a role enhancement, finding that Movant should be held accountable for a firearm found in his brother's home in March 2009. Id. at 2 & n.2. However, the Court sustained Movant's objections to the drug quantity. Id. at 2. The resulting guideline imprisonment range was 210 to 262 months, and the Court proceeded to sentence Movant to 210 months imprisonment. Id. at 2-3. Id. On March 4, 2011, Movant filed a notice of appeal. However, in light of Movant's appellate waiver, the appeal was dismissed. Id. at 3.

On September 25, 2012, Movant filed his Motion to Vacate, asserting four grounds for relief: (1) counsel failed to effectively advise him concerning his appellate waiver and his exposure under the sentencing guidelines; (2) counsel had a conflict of interest that affected his advice regarding sentencing; (3) counsel failed to negotiate a beneficial plea agreement, and (4) counsel never explained to Movant the purpose or the content of the Stipulated Factual Basis of the plea agreement. See DE 1 at 4-8; DE 21 at 3. On June 6, 2013, Judge Seltzer filed his Report, recommending that the Court deny the Motion to Vacate as to all four claims. See DE 21 at 33-34. Movant

then filed his Objections. After consideration of the Objections and the Report, as well as a *de novo* review of the record, the Court agrees with Judge Seltzer's reasoning and analysis and will therefore deny the Motion to Vacate.

## II. DISCUSSION

Movant raises six objections to the Report. First, he raises three objections to Judge Seltzer's finding that Movant received effective assistance of counsel with regard to his sentencing exposure and the appellate waiver, and if he did not, that any deficiencies were resolved by the plea colloquy. In his fourth objection, he disputes Judge Seltzer's finding that trial counsel did not have a conflict of interest that adversely affected his performance. Next, Movant asserts that he received ineffective assistance in plea negotiations because of the alleged conflict, and that he was prejudiced by inclusion of the appellate waiver. Lastly, he disputes Judge Seltzer's finding that the assertions in the Stipulated Factual Basis pertaining to the time frame of the conspiracy and the drug quantity were identical to the allegations in the indictment. Additionally, Movant requests an evidentiary hearing on the Motion to Vacate. The Court discusses each objection in turn.

### A. First, Second, and Third Objections

Movant objects to Judge Seltzer's determination that he received adequate assistance of counsel with respect to the appellate waiver and the possible sentencing range. Movant raises three objections related to this finding.

#### *i. First Objection*

First, Movant claims that he "was not informed that under no circumstances

3

would he be able to appeal the sentence and any enhancements the Court deemed applicable." DE 24 at 4.  This claim is contrary to the transcript of the plea colloquy and mischaracterizes the nature of the appellate waiver.  In the plea colloquy, the Court explained the appellate waiver provision as follows:

> THE COURT: Now paragraph 10 of the plea agreement contains what is commonly referred to as an appellate waiver, and I would like to review with you the pertinent language of paragraph 10 to make certain that you understand the right that you are giving up therein.
>
> Do you understand in exchange for certain promises made by the government, that you are agreeing to waive, that is to give up, your right to appeal any sentence imposed or to appeal the manner in which the sentence was imposed unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or variance from the guideline range that the Court establishes at sentencing?
>
> THE DEFENDANT: Yes.

Criminal Case, DE 140 at 9-10.  Thus, even if counsel failed to explain the effect of the appellate waiver, the Court reviewed the appellate waiver with Movant and advised him of its consequences during the plea colloquy, curing any prejudice caused by counsel's alleged deficiencies.  See United States v. Wilson, 245 F. App'x 10, 11-12  (11th Cir. 2007) (finding that defense counsel's deficiency would not establish prejudice if the court cured the deficiency during plea colloquy).

Moreover, as Judge Seltzer stated in the Report, "the [unsworn] allegations [contained in the Motion to Vacate] contrast sharply with the sworn statements that Movant made to the District Court at the change of plea hearing." Id. at 19.  He further noted that

> [Movant] has not proffered any facts tending to show that his sworn statements were the product of mistake, or of duress, or even of fraud  –

4

>no facts tending to prove that he somehow had misunderstood counsel's explanation of the appellate waiver, or that he agreed to the appellate waiver while under duress, or even that counsel had affirmatively misrepresented the meaning of the appellate waiver.

Id. at 19-20.  Accordingly, Judge Seltzer determined that "Movant's unsworn allegations . . . as to the appellate waiver, fail to overcome the strong presumption of verity that attach to his sworn statements at the plea hearing."  Id. at 20.  The Court agrees with Judge Seltzer's analysis.  The Court informed Movant of the conditions of the appellate waiver and Movant testified that he understood such conditions.  Movant has given no reason why the Court should ignore his sworn testimony in favor of the unsworn allegations in the instant motion.  Accordingly, the first objection is overruled.

*ii. Second Objection*

Second, Movant disputes Judge Seltzer's finding that, even if counsel underestimated Movant's sentencing exposure, "Movant's sentencing expectations are not relevant to the Motion [to Vacate]."  DE 21 at 21.  In the Report, Judge Seltzer states that "such a 'miscalculation or erroneous sentence estimation,' would not constitute deficient performance."  Id. (citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)).  Movant purports to differentiate this case from Gordon by arguing that Movant's counsel did not merely fail to inform him that relevant conduct would be considered in sentencing.  Rather, he asserts that counsel assured Movant that his sentence would be the same as that received by his brother.  This argument is unavailing.  In Gordon, defense counsel submitted an affidavit stating that "Defendant was not advised of the effect that relevant conduct of the other counts would have in increasing his guideline sentence from the anticipated five-seven years to a sentence in

5

excess of thirteen years." 4 F.3d at 1569.  Thus, in both Gordon and the instant matter, counsel allegedly underestimated their client's sentence.  The Court agrees with Judge Seltzer's finding that here, as in Gordon, such miscalculations are not grounds for modifying or vacating a sentence.

### iii. Third Objection

Third, Movant contends that the plea colloquy did not resolve the prejudice caused by counsel's "affirmative misadvice that [Movant] would receive a sentence comparable to that of his brother, a sentence which [Movant] would not have sought to appeal."  DE 24 at 6-7.  Specifically, Movant asserts that:

> Counsel never explained how the guidelines were calculated and what sentencing enhancements were applicable to Mr. Ayala, and the Court did not explain either of those critical details in its plea colloquy.  The Court certainly never advised Mr. Ayala that counsel's advice regarding his likely sentence was only a prediction.

Id.  Once again, such allegations contradict Movant's sworn testimony in the plea colloquy, where he stated as follows:

> THE COURT: Do you understand that based upon your guilty plea, the Court must impose a statutory mandatory minimum sentence of ten years and may impose a sentence of up to life in prison followed by a mandatory minimum term of supervised release of five years up to a maximum of life, a fine of up to $4 million, a mandatory special assessment of $100, in addition, the Court may order forfeiture of assets?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions regarding the possible penalties that could be imposed based upon your guilty plea to Count 1?
>
> THE DEFENDANT: No.
>
> . . . .
>
> THE COURT: And your lawyer mentioned that he's discussed with you

>how the [sentencing] guidelines might apply in this case.  Is that your understanding as well?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you understand that the Court is required to compute an advisory sentence under the federal sentencing guidelines?
>
>THE DEFENDANT: Yes.
>
>. . . .
>
>THE COURT: Do you understand that the Court is required to consider the advisory guideline range; however, the Court is not bound to impose a sentence within that range.
>
>THE DEFENDANT: Yes.

Id. at 5-7.  Thus, Movant testified that he understood that counsel had discussed with him how the guidelines were calculated, and that the Court could impose any sentence within the range from ten years to life.  Movant has failed to give any reason to doubt the veracity of his testimony.  Accordingly, this objection will be overruled.

### B. Fourth Objection

In his fourth objection, Movant disputes Judge Seltzer's conclusion that trial counsel did not have a conflict of interest, and even if he did have a conflict, that it did not affect his performance.  Movant asserts that his trial counsel also represented Movant's brother at the critical stages of his criminal case, including sentencing.  Movant contends that counsel was aware of the sentencing enhancements applicable to Movant's brother, and that such knowledge "resulted in his failure to independently evaluate [Movant's] case to calculate his sentencing exposure and determine what enhancements were applicable."  DE 24 at 9.  This argument is unavailing.  First, as Judge Seltzer explains,

7

> "the assertion that counsel's representation of [Movant's brother] affected his ability to assess Movant's case does not support the conclusion that counsel actually represented conflicting interests. Further, even if counsel's prior representation of [Movant's brother] influenced his prediction of Movant's sentence, it is immaterial to the motion. "[A] defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea." United States v. Hicks, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993).

DE 21 at 28. Moreover, as noted in the Report, "defense counsel argued zealously on Movant's behalf [at the sentencing hearing] – and with some success – raising every reasonable objection to the sentence urged by the Probation Office and by the Government." Id. at 27. The Court agrees with Judge Seltzer's findings. Not only has Movant failed to explain how his interests conflicted with his brother's, but even if he did, he fails to show how it adversely affected counsel's representation. Therefore, the Court will overrule this objection.

### C. Fifth Objection

In his fifth objection, Movant asserts that he received ineffective assistance in the plea negotiations because of counsel's conflict of interest. He asserts that the ineffective assistance led to the inclusion of the appellate waiver, which precluded him from pursuing meritorious appeals. For the reasons described above, the Court finds that Movant has failed to show any prejudicial conflict of interest, and thus this objection is without merit.

### D. Sixth Objection

Next, Movant objects to Judge Seltzer's finding that "the time frame and drug quantity that Movant now characterizes as incorrect are the identical ones set forth in Count 1 of the Indictment." DE 24 at 12 (quoting DE 21 at 32). This objection is

irrelevant to Movant's claim for relief.  Moreover, the above-mentioned finding was not essential to Judge Seltzer's recommendation.  In the Report, Judge Seltzer reasoned that:

> [T]he time frame and drug quantity that Movant now characterizes as incorrect are the identical ones set forth in the indictment. . . . <u>More importantly</u>, at the hearing, the Court received testimony from a DEA agent.  The agent's testimony set forth the facts supporting the Government's allegations as to the time frame of the conspiracy and the quantity of heroin.  Therefore, <u>even absent the factual stipulation</u>, Movant's sentence would have been enhanced based upon the same time frame and the same quantity of heroin.  In sum, Movant cannot show that counsel was deficient with respect to the stipulated basis for the plea or that Movant suffered any prejudice by it.

DE 21 at 32 (emphasis added).  Thus, even taking Movant's assertion as true, Judge Seltzer's recommendation would not be disturbed, and Movant's sentence would not be subject to modification.  Upon review of the Report and the record, the Court agrees with Judge Seltzer's analysis, and the objection will be overruled.

### E. Request for a Hearing

Finally, Movant requests an evidentiary hearing on his Motion to Vacate.  Though § 2255 instructs a court to grant a hearing on a Motion to Vacate to determine the issues and make findings of fact and conclusions of law, the statute does not require the court to hold a hearing if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Consequently, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record."  <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting <u>Guerra v. United States</u>, 588 F.2d 519, 520-

21 (5th Cir. 1979)).  Here, Movant asserts that a hearing is necessary because "the crux of [Movant's] claims relate to his conversations with counsel regarding his sentencing exposure, the appellate waiver contained in the plea agreement, and the relation between the two."  DE 24 at 3.  However, as described above, Movant's allegations are affirmatively contradicted by the record of the sentencing hearing.  Accordingly, the request for an evidentiary hearing will be denied.

### III. CONCLUSION

For the forgoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation to District Judge [DE 21] is hereby **ADOPTED**;

2. Movant's Objections to the Report [DE 24] are **OVERRULED**;

3. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] is **DENIED**;

4. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of August, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.